IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 05-cv-01994-WDM-BNB

SIERRA CLUB,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Defendant.
_____

**AMENDED ORDER CONCERNING ATTORNEY FEES AND
ENTRY OF FINAL JUDGMENT**[1]
_____

This matter is before me on Defendant City of Colorado Springs' ("Defendant") motion for attorney fees and costs against the former Plaintiff Bill Thiebaut, in his official capacity as District Attorney for the Tenth Judicial District of Colorado ("Thiebaut") (ECF No. 366). The motion is pursuant to 33 U.S.C. § 1365(d) of the Clean Water Act ("CWA"). Also before me is the Defendant's Motion for Entry of Final Judgment (ECF No. 379). Following review of the relevant pleadings and the record, I determined that oral argument will not materially assist me and find, conclude and order as follows:

BACKGROUND

Thiebaut, along with Plaintiff Sierra Club ("Sierra") commenced separate actions

---

[1] This order is amended to correct a clerical error to properly identify Defendant as movant on the Motion for Entry of Final Judgment (ECF No. 379).

against the Defendant alleging violations of the CWA for its discharges into Fountain Creek.  The cases were consolidated and numerous motions filed, including a motion to dismiss and subsequent motion for summary judgment filed by Defendant to dismiss Thiebaut because he lacked standing.  At a status conference before me, I determined, with counsel's consent, that in order to minimize duplication, I would deny the motion to dismiss without prejudice.  I would then decide the standing issue in the context of the Defendant's motion for summary judgment.  *See* Courtroom Mins. of Feb. 16, 2007 Status Conference (ECF No. 188).[2]

Thereafter, and following oral argument, I determined that Thiebaut did not have authority under Colorado law to bring a CWA action in his official capacity; and therefore, dismissed his claims and complaint due to lack of standing.  Order on Mots. for Summ. J. and Mot. to Strike (ECF No. 256).  Defendant Thiebaut's Motion to Reconsider (ECF No. 269) was denied (ECF No. 312).  The matter then proceeded to a multi-day trial to the court on the claims of Sierra.  After the parties' submittals, I concluded that the Defendant did violate the CWA and ordered it to pay a civil penalty of $35,500, but denied their request for permanent injunction.  Findings of Fact, Conclusions of Law and Order (ECF No. 354).  The order allowed each party to seek an award of attorney fees and costs and Defendant alone filed the motion which is the

---

[2]Thiebaut inappropriately argues that this order demonstrates that its complaint was not frivolous because Defendant's motion was denied.  Thiebaut Plaintiff's Response in Opposition to Defendant's Motion for Attorneys Fees. (ECF No. 367 at p. 18)  That argument is certainly groundless as the record is clear that I did not address the substance of Defendant's motion to dismiss in denying it without prejudice because the stated intent was to decide that issue in the context of the motion for summary judgment.

subject to this order.[3] The order also administratively closed this case, subject to reopening for good cause and provided that if no motion to reopen was filed by August 31, 2010, final judgment would enter. *See id.* No such motion was timely filed.

## Discussion

The CWA allows the court to "award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). Although this statutory language is plainly neutral, in applying this section the case law essentially requires that I apply different standards, depending upon whether the prevailing party is a plaintiff or defendant. My colleague, the Honorable Marcia S. Krieger well summarizes this dichotomy in *Sierra Club v. Cripple Creek & Victor Gold Mining Company*, 509 F.Supp. 2d 943 (D. Colo. 2006):

> When a plaintiff prevails, the section is liberally construed and fees are typically awarded. *See Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 416-17, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (comparing fee-shifting provision in Title VII of the Civil Rights Act of 1964 with other fee-shifting statutes; *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005). This is because "the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority," and when the plaintiff prevails, he or she has proven that the defendant is a "violator of federal law." *See Christiansburg Garment Co.*, 434 U.S. at 418, 98 S.Ct. 694.
>
> However, when a defendant prevails, different equitable considerations determine whether a fee award is appropriate. *See id.* at 418-19, 98 S.Ct. 694. Fees cannot be awarded simply because the plaintiff lost at trial. Otherwise, plaintiffs with legitimate, but not airtight, claims would be discouraged from pursuing such claims. This is of particular concern with regard to Clean Water Act citizen suits, because

---

[3]Defendant and Sierra settled their claims of fees and costs against each other by stipulation which resulted in an order awarding fees to Sierra. (ECF No. 365).

> the citizen-plaintiff seeks no monetary relief for itself and instead acts to
> protect the public interest. Therefore, to obtain an award of fees, a
> prevailing defendant must show that the civil action was "frivolous,
> unreasonable, or without foundation," or that the plaintiff continued to litigate
> "after it clearly became so." *See id.* at 419-22, 98 S.Ct. 694; *see also Browder*,
> 427 F.3d at 723.

*Id.* at 949-50.

Defendant's motion, based strictly on § 1365(d),[4] asserts that, given my summary judgment order, it is the "prevailing party" entitled to recovery. However, Defendant's motion seeks to avoid the higher standard of this dichotomy. It argues that Thiebaut is not the type of "citizen plaintiff" whom the higher standard is designed to protect; avoiding the chilling effect on potential citizen plaintiffs to bring suit to enforce the CWA. Because Plaintiff Thiebaut did not have standing to be a citizen plaintiff, Defendant argues he should not be afforded the protection of the higher standard. Defendant also urges that if the higher standard were to be applied, it is still entitled to recovery because Thiebaut's suit was frivolous, unreasonable or groundless.

Thiebaut's response, in addition to certain procedural arguments,[5] asserts that I do not have jurisdiction to award attorney fees when the case is dismissed for lack of standing or subject matter jurisdiction. Further, if I were to assume jurisdiction, Thiebaut disputes that his claims were frivolous.

Defendant's reply suggests that there is a distinction between dismissal for lack of subject matter jurisdiction and dismissal for lack of standing, citing cases it claims

---

[4]Defendant does not seek fees based upon Fed. R. Civ. P. 11 or 28 U.S.C. § 1927.

[5]Thiebaut argues that Plaintiff's motion should be denied because it was untimely and because Defendant failed to follow the local rule of prefiling consultation. *See* D.C.COLO.LCivR 7.1A. Given my ruling, I need not address these issues.

allowed fee recovery following dismissal for lack of standing.

Of the parties' various arguments, I first address Thiebaut's jurisdictional argument because it may be overarching. He cites authority holding that dismissal of a § 1983 claim for lack of jurisdiction means that I also lack the power or jurisdiction to award attorney fees pursuant to § 1988, *i.e.*, if I do not have jurisdiction to proceed on Plaintiff's claim, I likewise lack jurisdiction to award attorney fees under the statute which formed the basis for Plaintiff's claims. *Branson v. Nott*, 62 F.3d 287, 292–93 (9th Cir. 1994) (concluding district court lacks power to sanction plaintiff where it lacks subject matter jurisdiction over alleged civil rights claim, and stating that, therefore, "it also lacks power to award attorney's fees under the civil rights attorney's fee statute"); *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (stating that "42 U.S.C. § 1988 empowers a court to award fees only to the prevailing party in a proceeding brought to enforce one of the substantive sections of the civil rights laws"). In short, if a plaintiff is not successful on a substantive claim such as provided by the CWA because the court lacks jurisdiction, the defendant has not "prevailed" over a plaintiff on his substantive claim under the relevant statute and the court lacks power to award fees allowed by that statute. *See Hidahl v. Gilpin Cnty. Dep't of Soc. Servs.,* 699 F.Supp. 846, 849 (D.C. Colo. 1988).

Defendant's argument that standing is somehow distinct from jurisdictional issues so that Thiebaut's authority is not relevant amounts to a distinction without a difference. In fact, "[s]tanding is a critically important <u>jurisdictional</u> limitation." Schwarzer, *Federal Civil Procedure Before Trial* § 2:1204 at 2E-2 (2010) (emphasis added). Indeed, standing serves the ultimate jurisdictional purpose under our system of separation of

5

powers by determining whether there is a justiciable "case" or "controversy." As such, "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Accordingly, the reasoning of Thiebaut's cited authority appears directly applicable here.

On the other hand, the cases cited by Defendant for an award of fees when the case was dismissed for lack of standing do not address the threshold issue of whether dismissal of the substantive claim also deprived the court of authority to assess fees under the applicable statute. *See Royal Oak Entm't., LLC v. City of Royal Oak*, 2009 WL 689681 (6th Cir. 2009) (awards fees pursuant to § 1988 and 28 U.S.C. § 1927 without discussion of jurisdiction to do so). Likewise, Defendant's reference to the *Sierra Club* decisions are off target. Again, the specific issue was not addressed by Judge Krieger and, significantly, Judge Krieger's order awarding fees specifically found that there was "no showing that the claims were unfounded when asserted." *Sierra Club*, 509 F.Supp. 2d at 950. In short, Defendant fails to present any authority supporting its position on this particular issue.

Accordingly, I conclude that Defendant's Motion for Attorney Fees (ECF No. 366), limited as it is to relief based on § 1365(d), should be denied and Defendant's Motion for Entry of Final Judgment (ECF No. 379) should be granted in accordance with my Findings of Fact, Conclusions of Law and Order (ECF No. 354). It is ordered:

1. Defendant's Motion for Attorney Fees (ECF No. 366) is denied;

2. Defendant's Motion for Entry of Final Judgment (ECF No. 379) is granted;

3. The Clerk shall enter final judgment in accordance with my previous orders;

and

      4. Defendant may have its costs against Plaintiff Bill Thiebaut in accordance with Fed. R. Civ. P. 54(d)(1).

      DATED at Denver, Colorado on September 21, 2010.

s/ Walker D. Miller  
United States District Judge